■ ABSTRACT ENTERPRISES, INC., Respondent, v SURINDER PANSHI et al., Defendants, and CITY OF NEW YORK, Appellant. —In an action to set aside an in rem tax deed and adjudicate the plaintiff to be the lawful owner of certain premises in fee simple, the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Bambrick, J.), dated October 9, 1987, as denied its motion to dismiss the action as time barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted and the com-plaint is dismissed.

This action to set aside an in rem tax deed on the ground that the in rem proceeding was defective was commenced nearly three years after the deed conveying title of the subject parcel to the city was recorded. This action is, therefore, untimely (Administrative Code of City of New York § 11-412 [c]). The Supreme Court declined to dismiss this action, finding that the city acquired notice of the defect in the in rem proceeding because it was party to a separate action to fore-

close a mortgage on the subject parcel, which was commenced prior to the date the in rem tax deed was recorded. However, as the city asserts, and the plaintiff concedes, the foreclosure action did not refer to the alleged defect in the in rem proceeding. Therefore, the city's motion is granted. Mangano, J. P., Thompson, Spatt and Rosenblatt, JJ., concur.